UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:                                            Case No. 10-74280-wsd

    Fitzgerald Harris, III,                    Chapter 11

        Debtor.                               Hon. Walter Shapero

_____/

## OPINION DENYING DEBTOR'S MOTION TO SELL

The matter before the Court is the Debtor Fitzgerald Harris' Motion to Sell pursuant to 11 U.S.C. §363(f)(5) (Docket No. 61) and Creditor Everhome Mortgage Company's Objection thereto (Docket No. 66). After a hearing, the Court took the matter under advisement. For the reasons that follow, the Court will deny the Debtor's motion.[1]

### I. BACKGROUND

The Debtor filed a voluntary Chapter 13 petition and then filed a motion to convert his case to one under Chapter 11 (Docket No. 13). The Court granted that motion (Docket No. 23). The Debtor filed a Combined Plan and Disclosure Statement (Docket No. 63) and a First Amended Combined Plan and Disclosure Statement (Docket No. 78). The Court granted Preliminary Approval of the Disclosure Statement (Docket No. 79).

The property at issue is the Debtor's principal residence located at 19402 Verna Lane, Romulus, Michigan. Everhome holds a first mortgage on the Debtor's residence securing its claim of $231,803.02 (*See* Claim No. 3). Another creditor, First Tennessee Bank, holds a second mortgage in the approximate amount of $74,718.97 (*See* Claim No. 6). First Tennessee is not a party to this motion. The Debtor's amended plan proposes to sell his principal residence free and clear of any liens, form a limited liability company that will buy the home, and then the Debtor will either rent or purchase the home from

---

[1] The Debtor's motion also sought alternative relief in the form of evidentiary hearing on the value of the home. The Debtor appears to have abandoned that request at the hearing and in his post-hearing brief in support by stating that "the parties have stipulated to all material facts," but Everhome does not expressly stipulate to the Debtor's valuation. If valuation remains an issue, the parties shall so advise the Court and a scheduling conference will be arranged.

- 1 -

the company. The Debtor proposes to pay Everhome $150,000, the purported fair market value according to the Debtor, in satisfaction of its first mortgage lien with the balance of Everhome's claim being paid on a pro rata basis as an unsecured claim. Both Everhome and First Tennessee filed objections to the Amended Plan.

The Debtor's motion relies on § 363(f)(1) and (5) as basis for permitting the sale. The Debtor further claims that "detailed market analysis and appraisals" demonstrate that the value of the residence is substantially lower than Everhome's claim. Everhome objects to the motion arguing that none of the circumstances permitting a sale under § 363(f) are present and, because its mortgage is secured by the Debtor's principal residence, its lien is non-modifiable pursuant to § 1123(b)(5). At the motion hearing, the Debtor abandoned his reliance on § 363(f)(1) as a basis for relief and instead proceeds solely under § 363(f)(5). According to the Debtor, the narrow legal issue is whether the Debtor may sell his principal residence free of Everhome's lien and compel Everhome to accept less than full satisfaction of its claim. Everhome agreed that was the issue, but reiterated its position that § 1123(b)(5) prohibits the § 363(f)(5) sale.

## II. Discussion

The Debtor seeks authority to sell his principal residence pursuant to 11 U.S.C. § 363(f)(5). The parties agree, for purposes of this motion only, that there are no factual differences and the Court need only decide whether § 1123(a)(5)(D) and § 363(f)(5) allow the sale as proposed by the Debtor. Section 363 provides, in relevant part:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if— . . .
>
> > (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f)(5). It is not disputed that 11 U.S.C. § 1107(a) permits the Debtor to exercise the powers of a trustee under § 363.

Section 1123(a) provides that "a plan shall . . . (5) provide adequate means for the plan's implementation, such as . . . [the] sale of all or any part of the property of the estate, either subject to or free of any lien[.]" 11 U.S.C. § 1123(a)(5)(D). However, § 1123(b)(5), which allows modification of secured claims, prohibits the modification of "a

claim secured only by a security interest in real property that is the debtor's principal residence[.]" 11 U.S.C. § 1123(b)(5). The Debtor does not dispute that the real property at issue is his principal residence.

The Debtor's overall position is that the statutory language in § 1123(a)(5)(D) includes "shall" signifying that the statute mandates, even "*demands*," that he sell his principal residence free and clear of any liens because such is necessary for a successful reorganization. (Debtor's Memorandum Of Law In Support Of Motion, p. 5 (emphasis in original)). The Debtor contends that § 1123(b)(5)'s anti-modification statutory language, on the other hand, is permissive and thus non-controlling. The Debtor therefore contends that the specific legal proceeding permitting the sale under § 363(f)(5) is § 1123(a)(5)(D)'s directive to sell property necessary for reorganization.

Everhome, on the other hand, relies on case law holding that a § 363(f)(5) sale is only permissible pursuant to § 1123(a)(5)(D) when the property at issue is subject to being 'crammed down' in Chapter 11. And since the property at issue undisputedly is the Debtor's principal residence, Everhome argues § 1123(b)(5) precludes the sale. Everhome specifically relies on a recent decision of this Court to the same effect in the context of a Chapter 7 case. *In re Scott*, Chapter 7 Case No. 10-69733, Docket No. 76 (Bankr. E.D. Mich. June 29, 2011) (Everhome's Memorandum of Law in Support of Its Objection, Exhibit A).

The Court finds that Everhome holds the better position. The Court does so relying primarily on its earlier decision in *In re Scott*. While that case was a Chapter 7 case versus a Chapter 11 as here, it is almost identical factually and procedurally. In that case, the Chapter 7 Trustee sought to sell the Debtor's principal residence pursuant to § 363(f)(4) and (5) for less than what was owed to secured creditors. *In re Scott*, slip op., p. 2-3. The Court's analysis and holding with respect to § 363(f)(5) applies with equal force to this case:

> There are differences of opinion as to whether authorization of a motion to sell under § 363(f)(5) requires an actual or a hypothetical payment in full satisfaction of all interests in the subject property. *Compare In re Silver*, 338 B.R. 277 (Bankr. E.D. Va. 2004) (holding that "a trustee cannot sell property under authority of § 363(f)(5) if the interests to which the property is subject cannot be satisfied fully in a compelled legal or equitable proceeding"), *and Richardson v. Pitt County*

- 3 -

*(In re Stroud Wholesale, Inc.)*, 47 B.R. 999, 1002 (E.D. N.C. 1985), *aff'd mem.*, 983 F.2d 1057 (4th Cir. 1986), *with In re Healthco Int'l Inc.*, 174 B.R. 174 (Bankr. D. Mass. 1994) (construing "money satisfaction of such interest" appearing in subparagraph (f)(5) to mean a payment constituting less than full payment of the underlying debt"). There are also difference[s] of opinion as to the nature and extent of the legal or equitable proceeding contemplated by this provision, i.e.: whether such can be purely hypothetical or need they be real, etc. *Compare In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 508 (Bankr. N.D. Ala. 2002) (requiring a showing that some "mechanism exists to address extinguishing the lien or interest without paying such interest in full"), *with Scherer v. Fed. Nat'l Mortgage Ass'n (In re Terrace Chalet Apts., Ltd.)*, 159 B.R. 821, 829 (N.D. Ill. 1993) (requiring a showing of the actual basis that could be used to compel acceptance of less than full monetary satisfaction).

*In re Scott*, slip op. at pp. 3.

The Court in this case, as in *In re Scott*, "need not subscribe to one or the other school of thought regarding the nature and extent of the legal or equitable proceeding contemplated by § 363(f)(5)" in this case. *In re Scott*, slip op., at p. 4. This is because, just as in *In re Scott*, the Debtor's position is that § 363(f)(5) "may be satisfied by the possibility of a strip down or a cram down of [the creditor]'s mortgage . . . , which could hypothetically take place . . . in . . . a Chapter 11 . . . case." *Id*. The Debtor's "argument fails, if for no other reason than [the creditor]'s mortgage . . . is . . . on Debtors' principal residence. A principal residence is not subject to stripping or cram down . . . pursuant to . . . 11 U.S.C. § 1129(b) . . . ." *Id*. "[T]he hypothetical proceeding" contemplated by § 363(f)(5) "needs, at the very least, to be legally possible." *See also Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 45-46 (B.A.P. 9th Cir. 2008) (citation omitted) (rejecting the "hypothetical cram down approach" to § 363(f)(5) because the "use of cram down mechanism to allow a sale free and clear under §363(f)(5) uses circular reasoning—it sanctions the effect of cram down without requiring any of §1129(b)'s substantive and procedural protections" and holding therefore that "the availability of cramdown under § 1129(b)(2) is not a legal or equitable proceeding to which § 363(f)(5) is applicable").

The fact that the property the Debtor's wishes to sell is his principal residence readily and clearly distinguishes this case from that of *In re Grand Slam U.S.A., Inc.*, 178 B.R 460 (E.D. Mich. 1995), on which the Debtor heavily relies. That case involved a corporate debtor and the proposed § 365(f)(5) sale of corporate assets such as batting

- 4 -

cages, cash registers, telephones systems, and popcorn makers by the chapter 7 trustee. *Id*. at 460. Although the *In re Grand Slam* court stated that a § 1129(b)(2) cram down was a "typical legal proceeding" that could be the basis for a § 363(f)(5) sale, *id*. at 462, the specific Code section relied on by that court was § 724(b), *id*. at 463. Section 724(b) subordinated the objecting creditor's lien tax to other administrative expenses and was the legal proceeding that compelled the tax lien creditor to accept less that the full amount of its claim. The distinguishing and dispositive factor is that the property involved in *In re Grand Slam* was not the principal residence of an individual debtor.[2] Here, as in *In re Scott*, the anti-modification provision of § 1123(b)(5) precludes the sale and therefore Everhome's lien cannot be crammed down pursuant to § 1129(b). The holding of *In re Grand Slam* is not applicable here, and the Court declines to extend that case to the facts of this case. Therefore, the Debtor cannot sell his principal residence free and clear of Everhome's lien (or the second mortgagee's lien) and force Everhome to accept less than what it is owed on its claim.

### III. CONCLUSION

Accordingly, the Debtor's "Motion To Sell Real Property Located At 19402 Verna Lane, Romulus, MI 48174, Pursuant To 11 U.S.C. § 363" is **DENIED**. Creditor Everhome Mortgage Company shall prepare and present an appropriate order.

.

**Signed on November 07, 2011**

                                 **_/s/ Walter Shapero_**
                                 **Walter Shapero**
                                 **United States Bankruptcy Judge**

---

[2] Another differentiating factor here is that objecting party is Everhome, the senior lien holder. The result could be different if First Tennessee were objecting. Some courts have found that where the lien involved is that of a junior lien holder, i.e., that of First Tennessee, then state judicial and non-judicial foreclosure proceedings satisfy § 365(f)(5)'s hypothetical "legal proceeding" when the value of the property at issue is less that the amount of the senior lien holder's claim. *See In re Boston Generating, LLC*, 440 B.R. 302, 333 (Bankr. S.D.N.Y. 2010); *In re Jolan, Inc.*, 403 B.R. 866, 869-70 (Bankr. W.D. Wash. 2009) (court holds that several state statutes would force a junior lienholder to accept less than full satisfaction of its claim thereby satisfying § 363(f)(5)'s 'hypothetical' "legal proceeding" requirement)